UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                          Case Nos.:   3:13cr56/MCR/HTC
                                                         3:16cv442/MCR/HTC

JOSHUA DOUGLAS TAYLOR

---

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the court upon Defendant's "Motion Under 28 U.S.C. §
2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" and
addendum thereto.   ECF Docs. 59, 63.   The Government has filed a response
(ECF Doc. 66) and Defendant has filed a reply (ECF Doc. 67).   The case was
referred to the undersigned for the issuance of all preliminary orders and any
recommendations to the district court regarding dispositive matters.   *See* N.D. Fla.
Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a review
of the record and the arguments presented, the undersigned recommends that the §
2255 motion be denied without an evidentiary hearing.   *See* Rules 8(a) and (b),
Rules Governing Section 2255 Cases.

PROCEDURAL BACKGROUND

On May 22, 2013, Defendant was charged in a three-count indictment with
receipt of child pornography (Count One), transportation of child pornography

(Count Two) and possession of child pornography (Count Three). ECF Doc. 1. The charges stemmed from Defendant's receipt and storage of images and videos containing child pornography at his residence using computers, external hard drives, memory cards and other media devices, occurring during the charged time frame of October 28, 2011, through February 16, 2012. *See* ECF Doc. 21. Defendant also offered for downloading and provided access to, password protected images and videos containing child pornography through a peer to peer (P2P) file sharing program. *Id*. On July 8, 2013, Defendant entered a guilty plea to Counts One and Two pursuant to a written plea agreement, and the Government agreed to dismiss Count Three at sentencing. ECF Docs. 20, 21, 22, 53.

The Presentence Investigation Report ("PSR") calculated Defendant's total offense level at 42. ECF Doc. 38, PSR ¶¶ 68-82. Defendant's base offense level was 22, but there were 6 applicable upward adjustments. He was assessed 2 two-level adjustments because the materials he possessed involved a prepubescent minor and because the offense conduct involved a computer. Defendant received one four-level adjustment because the offense portrayed sadistic or masochistic conduct or other depictions of violence. He was assessed 3 five-level adjustments because the offense involved distribution in exchange for a thing of value, because Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor,

and because the offense conduct involved 600 or more images.[1]    Defendant received credit for acceptance of responsibility with a three-level downward adjustment.    The 23-year old Defendant did not have an extensive criminal history, and his criminal history category was III.    ECF Doc. 38, PSR ¶¶ 88-90.    The applicable guidelines range was 360 to 480 months.

At sentencing, Defendant abandoned his objections to the PSR, advising the Court that after reviewing current case law, he was satisfied that the guidelines adjustments were appropriate.    ECF Doc. 54 at 3-4.    Psychologist Dr. Eric Imhof testified at length about Defendant's risk for recidivism.    ECF Doc. 54 at 5-78. After hearing argument from the parties and considering the § 3553 factors, the Court sentenced Defendant to a total term of 360 months' imprisonment, at the low end of the applicable range.    This sentence consisted of a 240-month sentence on Count One and a consecutive 120-month sentence on Count Two, followed by lifetime supervision.    ECF Doc. 43; ECF Doc. 54 at 115-129.

Defendant appealed, and counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).    The Eleventh Circuit affirmed Defendant's convictions and sentences after "independent examination of the entire record reveal[ed] no arguable issues of merit."    ECF Doc. 57 at 3.    Defendant attempted

---

[1] Defendant was held accountable for 3,621 images and 1,265 videos.    ECF Doc. 38, PSR ¶ 59. Because, pursuant to U.S.S.G. § 2G2.2, each video clip is counted as 75 images, Defendant was actually held accountable for 98,496 images.    *Id.*

to file a *pro se* brief titled "Appellant's Direct Appeal," (now attached to his § 2255 motion as Attachment #1, *see* ECF Doc. 59 at 33-66) with the Eleventh Circuit, but the court returned the document unfiled and denied his motion to appeal *in forma pauperis*.

In the present motion, Defendant seeks to vacate his plea and sentence. He raises four (4) grounds for relief on the § 2255 form, and an additional three (3) grounds in an attached legal memorandum, several of which overlap. ECF Doc. 59 at 4-8, 16-19. The Government opposes the motion in its entirety.

## ANALYSIS

### General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to section 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury

that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not

actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).    An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for a procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.    A meritorious claim of ineffective assistance of counsel can constitute cause.    *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a secion 2255 motion regardless of whether they could have been brought on direct appeal.    *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).    To prevail on a

constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland*'s two-part test also applies to guilty pleas. *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). If a defendant claims that he would not have pleaded guilty but for counsel's errors, he must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this Court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to

examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be

substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d 1339,

1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).    This is true regardless of whether the issue is a trial or sentencing issue.    *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel);    *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."    *Chandler*, 218 F.3d at 1313.    This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.    *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).    "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"    *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).    The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's

performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported

generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).    Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.    *Lynn*, 365 F.3d at 1239.    Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

Mindful of the foregoing standards, the Court will address each of Defendant's claims in turn.

I.    <u>Procedural Error – Failure to Consider Mitigating Factors</u>.

Defendant's first ground for relief cites "Procedural error for the court's failure to consider 18 U.S.C. § 3553(a) factors" and "basing a sentence on erroneous facts and failing to consider mitigating factors."    ECF Doc. 59 at 4.    Defendant's argument is procedurally barred because it could have been raised on appeal.    *Lynn*, 365 F.3d at 1234-35; *Bousley*, 523 U.S. at 621.    The Court notes that as to each issue identified on the section 2255 form, Defendant states he raised the issue on appeal but that it "was filed wrong."    ECF Doc. 59 at 4, 5, 7, 8.    The Eleventh Circuit's independent examination of the record dispels this assertion. Regardless, as discussed below, even if the Defendant's argument was not procedurally barred, it also fails on the merits.

The first part of Defendant's claim, that the sentencing court did not consider the 18 U.S.C. § 3553 factors, is mistaken.    Although not citing the statute

specifically, the court enumerated the factors it had considered, which track the language of the statute.    *See* ECF Doc. 54 at 115-116.

Next, Defendant asserts that his sentence was based on erroneous facts.    He provides several examples of the alleged errors.    First, Defendant claims that somehow 3000 images of child pornography turned into 400,000 images.    Again, Defendant's recollection is somewhat shaded.    At sentencing, the Government did not unequivocally state that Defendant had 400,000 files of child pornography, but rather that 400,000 images were shared.    ECF Doc. 54 at 102-103.    The court did not adopt the 400,000 figure, or mention a specific number of pornographic images in pronouncing sentence, although, as noted above, Defendant was held accountable for 98,496 images.    Regardless, only 600 images or more were required to provide the basis for the five-level upward adjustment in U.S.S.G. § 2G2.2(b)(7).    ECF Doc. 38, PSR ¶ 74.

Next Defendant notes that the court stated he was 20 and his wife was 15 years old at the time they had a sexual encounter with a minor female.    This information came from counsel's argument.    Counsel attempted to minimize Defendant's involvement in the interaction, stating the primary relationship was between Defendant's wife (who was four years Defendant's junior) and the minor female, S.S., and S.S. had consented to Defendant's participation in a sexual encounter. ECF Doc. 54 at 84; *see also id.* at 91, 107-108.    Defendant has not shown how the

fact that Defendant may have been 21 and his wife 17 at the time of encounter with S.S., rather than 20 and 15 had any bearing on his sentencing.

Finally, Defendant claims the court erroneously cited evidence that Defendant had continued "to engage in this type of behavior" after having been caught and suffering legal consequences.    *See* ECF Doc. 54 at 122.    The reference could have been to Defendant's conviction at age 18 for felony battery, a lesser included offense of Lewd and Lascivious Battery Victim 12 Years of Age up to 15 Years of Age. ECF Doc. 38, PSR ¶ 84.    It also could have been a reference to state law enforcement's discovery of child pornography while executing a search warrant in July 2011 while looking for drugs.    In either event, it was not a misstatement.

The third portion of Defendant's procedural error argument was that the court did not consider unspecified "mitigating factors."    The Defendant is mistaken – it was not that the court did not consider mitigating factors, it was that none existed. ECF Doc. 54 at 117 ("I don't find anything, Mr. Taylor, mitigating here.").    The record also shows that while no mitigating factors existed (and Defendant has failed to identify any in this motion), the court did identify several aggravating factors. The court noted the following: the length of time Defendant had been involved in collecting child pornography; the steps he had taken to protect the illegal material including using a new IP address after his first encounter with law enforcement; his involvement in peer to peer sharing; the fact that he had engaged in contact offenses

involving his wife and other individuals; his online chats regarding bestiality and a child with an animal; his statement during an online chat that his wife would be "okay with [him] having [his daughter]" if they had a girl.    ECF Doc. 54 at 118-121.    The court also mentioned Defendant's involvement with a 12-year-old girl when he was 17, and his and his minor wife's involvement with the younger minor, S.S.    There is no basis for relief on any portion of this claim.

## II.    Ineffective Assistance of Counsel.

Defendant next claims that his attorney, Assistant Federal Public Defender Randall Lockhart, was constitutionally ineffective.    He claims that counsel acted as a "mere spectator," and that when Defendant wanted issues raised, counsel told him that he would only upset the Government by doing so.    ECF Doc. 59 at 5. Defendant complains that counsel failed to object to the court's characterization of him as having had a "run in" with law enforcement, "failed to mention S.S. had a child that I was unaware of her age until my detention hearing," and failed to contest the 400,000 images.    Defendant also states that "most of what I had would not have triggered the 'Dost factors.'"    ECF Doc. 59 at 5.    Finally, Defendant asserts that counsel "had told me at court that my sentence would probably be 8-10 years, maybe 15."    ECF Doc. 59 at 5.

Defendant has not established, however, that any of these allegations of ineffectiveness either had merit or would have affected his sentence.    Counsel does

not perform deficiently by declining to make a meritless objection.   *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002); *see also Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement).   As noted above, Defendant did have a prior encounter with law enforcement on July 5, 2011, approximately seven (7) months before the execution of the federal search warrant on February 16, 2012.   ECF Doc. 38, PSR ¶ 86.   Although Defendant was only charged with drug-related crimes from the July incident, during the execution of the search warrant, law enforcement discovered child pornography.   Law enforcement confirmed that at least 30 of the 490,000 images and 900 movie files "of investigative interest" found on a computer hard drive contained child pornography.   *Id.*   He continued to download and share child pornography even after this.

Counsel was not ineffective for failing to object to the number of images attributed to his client.   The Government did not assert all of the perhaps 400,000 images Defendant had were child pornography and would have triggered the *Dost* factors.[2]   ECF Doc. 54 at 102-103.   Additionally, Defendant has not shown a viable basis to object to the 98,496 images that were attributed to him.   *See* ECF

---

[2] The *Dost* factors are a non-exclusive list of six (6) factors used to define lasciviousness.   *See United States v. Grzybowicz*, 747 F.3d 1296, 1306 and n.8 (11th Cir. 2014). The "*Dost* factors" were first articulated in *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986).

Doc. 38, PSR ¶ 59.   Counsel's failure to make a meritless objection is not a constitutional violation.

Defendant's contention that counsel was constitutionally ineffective for predicting that his sentence would be 8 to 10 years also does not entitle him to relief. The court advised Defendant during the plea proceeding as follows:

> . . . [N]o one can tell you what your sentence is going to be.   Mr. Lockhart may try to predict that for you, based upon his experience with the guidelines and with this Court, but he doesn't know for sure.   So while it's appropriate for him to try to predict for you, you cannot rely absolutely upon what he tells you as far as a sentence.

ECF Doc. 53 at 23.   Defendant has not alleged that he would not have pleaded guilty but for the allegedly erroneous advice, and in fact appears to suggest that the erroneous advice occurred before sentencing, after he had entered his plea.   *See* ECF Doc. 59 at 58.

None of his allegations establish constitutionally-deficient performance by counsel or prejudice in violation of *Strickland*.   He is not entitled to relief.

III.   Substantive Reasonableness

Defendant's third ground for relief is that his sentence was not substantively reasonable.   This claim could have been raised on appeal and is procedurally barred.[3]   *See Lynn*, 365 F.3d at 1234-35; *Bousley*, 523 U.S. at 621.   Furthermore, it is without merit.

---

[3] In fact, Defendant attempted to raise it on appeal, arguing strenuously, with supporting case

The court found that Defendant's sentence appropriately fell at the low end of the applicable guidelines range.    ECF Doc. 54 at 123.    A sentence within the guidelines range may be considered presumptively reasonable.    *Gall v. United States*, 552 U.S. 38, 51 (2007); *Rita v. United States*, 551 U.S. 338 (2007).    In reviewing for substantive reasonableness, an appellate court considers the totality of the circumstances, asking whether the § 3553(a) factors support the sentence in question. *United States v. Anna Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). In *United States v. Manuel Gonzalez*, 731 F. App'x 836 (11th Cir. 2018), the Eleventh Circuit found substantively reasonable a sentence of 1200 months' imprisonment for a defendant convicted of one count of receipt of child pornography, two counts of distribution of child pornography and two counts of possession of child pornography.    The defendant had downloaded 2,188 videos of child pornography over a two and one-half year period of time.    The *Gonzalez* court noted that it had previously rejected challenges to sentences calculated using U.S.S.G. § 2G2.2, and held there was no error in using this provision to establish an advisory sentencing range as the court did in this case.    *Gonzalez*, 731 F. App'x at 839 (citing *United States v. Cubero*, 754 F.3d 888, 898-901 (11th Cir. 2014)).

---

law, that his sentence exceeded that of individuals who had been involved with "hands-on" child pornography or production.    ECF Doc. 59 at 45-56.

Case Nos.: 3:13cr56/MCR/HTC; 3:16cv442/MCR/HTC

Defendant's assertion that there are no "victims" of his crime (*see* ECF Doc.

59 at 7) could not be further from the truth.    As stated by the court at sentencing:

> I have been known to say in court in these cases how very serious these
> offenses are.    They are not victimless crimes.    I started to say that it
> goes without saying how serious they are, but – but they – it deserves
> to be said and it needs to be said how serious they are.    These are –
> these are live, real children who, you know, feel pain and suffering and
> they certainly – and the images that I've seen and I know are depicted
> in the images that you had, Mr. Taylor, there is a tremendous amount
> of suffering and pain depicted, but that's just the physical pain that I'm
> referring to now.
> The victim impact statements that I am accustomed to reviewing and
> those that I've looked at in this case describe a much longer lasting
> chronic type of pain and suffering that these children endure for the rest
> of their lives because of the images being out there, you know, in
> perpetuity for all to see and to trade and to, you know, to seek
> gratification from.
> The Congress of the United States has spoken, you know, loudly and
> clearly in terms of how very serious the Congress considers this
> conduct, and they've said that through their statutory enactments, and
> they've also made that clear in their directives to the Sentencing
> Commission.

ECF Doc. 54 at 117; *see also United States v. Yuknavich,* 419 F.3d 1302, 1310 (11th

Cir. 2005) ("It goes without saying that possession of child pornography is not a

victimless crime.    A child somewhere was used to produce the images downloaded

by [the defendant], in large part, because individuals like [the defendant] exist to

download the images.").    The sentencing court also acknowledged that U.S.S.G. §

2G2.2 has come under criticism but opined that Defendant's particular case fell

within the guidelines.

The district court fully considered the facts of this case, the record before it and the § 3553 factors before imposing sentence.    Defendant's sentence was not substantively unreasonable, and no relief is warranted on this claim.

IV.    Prosecutorial Misconduct.

Defendant's fourth ground for relief alleges "prosecutorial misconduct and *Brady* violations."    ECF Doc. 59 at 8.    Again, these claims are procedurally barred and without merit.    *Lynn*, 365 F.3d at 1234–35; *Bousley*, 523 U.S. at 621. Defendant first claims the prosecutor improperly led the court to believe that he had 400,000 images of child pornography.    Defendant mischaracterizes the Government's statements.    The Government explained that during an undercover investigation:

> [T]his undercover officer downloaded 70 images but noticed [Defendant] was sharing over 400,000 files.    Now, granted, we didn't – nobody looked at all 400,000 files, so there could have been 399,000 were child erotica and not child pornography—I'm not suggesting that—but there was 400,000 were shared.

ECF Doc. 54 at 102-103.    Defendant was held accountable for 98,496 images. ECF Doc. 38, ¶ 59.    There was no misconduct and no relief is warranted.

Second, he asserts the Government "lied" when it stated that he had a "run in" with law enforcement for the same activity.    As explained above, law enforcement's discovery of child pornography during an unrelated search warrant is fairly construed as a prior "run in" with law enforcement.    Alternatively, his

conviction as a result of his sexual relationship with a 12-year old female, while not ultimately a sex offense, certainly could be considered a "run in" with law enforcement.   In fact, he admitted during several of his "chats" that he had been in trouble before.   ECF Doc. 34, PSR ¶¶ 44, 46, 52.

Defendant's claim that the prosecution failed to disclose material favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963) relates to information about the minor S.S.   To obtain relief on a *Brady* claim, Defendant must "establish (1) the government possessed evidence favorable to him; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the government suppressed the favorable evidence; and (4) the evidence was material."   *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 941 (11th Cir. 2009) (internal quotation marks omitted).   Defendant claims that at the detention hearing the Government had the burden to prove that he knew that S.S., the fifteen-year-old female with whom Defendant and his wife had a "consensual" sexual encounter, was in fact underage.   Defendant claims he did not learn of S.S.'s actual age until his detention hearing, and suggests he thought she was older because she had a child.   However, Defendant's encounter with S.S. was merely one of many factors considered by the court in this case.   Defendant's assertion there was a *Brady* violation because the Government failed to disclose S.S.'s age is without merit.   No relief is warranted on this claim.

V.    <u>Guilty Plea</u>.

Defendant also asserts his "guilty plea and attached appeal waivers were entered unknowingly, involuntarily, and unintelligently due to counsel's ineffective assistance."   ECF Doc. 59 at 16.   Defendant's claim appears to be based on the allegedly incorrect advice he received from counsel about the sentence he faced (discussed above).

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"   *Hill v. Lockhart,* 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *see Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Machibroda v. United States*, 368 U.S. 487, 493 (1962).   A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing the advice he received was constitutionally deficient.   *Hill*, 474 U.S. at 57.

Defendant's plea agreement, which he admitted under oath having reviewed with counsel, provided that Defendant faced a mandatory minimum term of incarceration of five (5) years on each count, up to a maximum of twenty (20) years on each count.   ECF Doc. 20 at 1.   At the re-arraignment, the Government noted Defendant's prior felony battery conviction could increase the penalty range significantly to a 15-year mandatory minimum and up to forty (40) years on each

count.    ECF Doc. 53 at 13.    The Government also stated it did not believe the enhancement would apply.    Defense counsel also opined he did not believe the enhancement would apply because the offense in question was a juvenile judgment conviction for felony battery.    The plea agreement was amended by hand to reflect this "worst case scenario" sentence.    ECF Doc. 53 at 15-18; *see* ECF Doc. 20 at 1. The court afforded Defendant an additional opportunity to consult with counsel and then, as discussed above, thoroughly advised Defendant about the uncertainty of predicting his sentence before he entered his guilty plea.    ECF Doc. 53 at 16, 22-23.

    To the extent Defendant's claim is that he was unaware of the sentence he faced, it is disingenuous.[4]    The sentence he received was ten (10) years less than the maximum time he was warned in the plea agreement he could receive. Defendant does not allege that he would not have entered a plea but for counsel's erroneous advice, and Defendant has not shown his plea was involuntary.    *See United State v. Pease,* 240 F. 3d 938, 941 (11th Cir. 2001) (rejecting a claim that defendant's reliance on counsel's inaccurate sentencing prediction, which caused him to disregard the judge's explicit statements at the plea colloquy, rendered the plea involuntary.)    Accordingly, Defendant's argument is without merit.

---

[4] If Defendant means to argue that counsel was constitutionally ineffective for a prediction that he made immediately prior to sentencing (*see* ECF Doc. 59 at 58), he cannot show any effect on the outcome of his case or how he was prejudiced thereby.

Case Nos.: 3:13cr56/MCR/HTC; 3:16cv442/MCR/HTC

VI.    <u>Guidelines Range</u>.

Defendant contends he was sentenced under an incorrect guidelines range. The basis for his claim is a 2016 amendment to U.S.S.G. § 2G2.2(b)(3)(B).[5]    This section imposes a five-level enhancement for the distribution of child pornography in exchange for valuable consideration other than pecuniary gain, and it was amended, or clarified, effective November 1, 2016 by Amendment 801.    Section §1B1.10 of the Sentencing Guidelines is a policy statement providing guidance regarding reductions in a term of imprisonment as a result of amended guideline ranges.    Subsection (d) of this Guideline lists the amendments covered by this policy statement, that is, amendments having retroactive effect.    Amendment 801 is not listed.    Therefore, Amendment 801 is not retroactive and affords Defendant no relief.

VII.    <u>Appellate Counsel's Conduct</u>.

Defendant asserts he is entitled to relief due to "*Anders* Brief and Appellate Court Conduct."    He claims that his appellate attorney, Assistant Federal Public Defender Chet Kaufman, was "concentrating on retirement rather than representation to the Defendant Taylor."    He asserts that when the Eleventh Circuit allowed counsel to withdraw, he lacked representation.

---

[5] Defendant cited § 2G1.2(b)(3)(B) in his memo instead of § 2G2.2(b)(3)(B).

Defendant misunderstands the purview of the Eleventh Circuit's review after an attorney files an *Anders* brief.    If an attorney, as an officer of the court, believes there are no issues that can be raised in good faith on appeal, the attorney files an *Anders* brief and moves to withdraw.    In such instance, the appellate court conducts an independent examination of the entire record, which it did in this case.

Defendant has not identified any issues of merit.    As discussed *supra*, any of the issues that were procedurally barred were also without merit.    Defendant was not prejudiced by his appellate representation.

Conclusion

For the foregoing reasons, the undersigned finds Defendant has failed to show the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.    Nor has he shown an evidentiary hearing is warranted.    Therefore, the undersigned recommends Defendant's motion be denied in its entirety.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

§ 2253(c)(2)."    A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.    Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.    28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."    If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1.    That the motion to vacate, set aside, or correct sentence (ECF Doc. 59) be DENIED.

2.    That a certificate of appealability be DENIED.

At Pensacola, Florida, this 28th day of March, 2019.


*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.